UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

v. 24 Cr. 200 (ER)

RAFAEL RIVERA,

Defendant.

Arraignment
------------------------------x

New York, N.Y.
April 9, 2024
3:45 p.m.

Before:

HON. EDGARDO RAMOS,

District Judge

APPEARANCES

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
BY: AMANDA C. WEINGARTEN
Assistant United States Attorney

EZRA SPILKE
Attorney for Defendant

(Case called)

THE DEPUTY CLERK: Counsel, please state your name for the record.

MS. WEINGARTEN: Good afternoon, your Honor. Amanda Weingarten, for the government.

MR. SPILKE: For Rafael Rivera, Ezra Spilke.

Good afternoon, your Honor.

THE COURT: Good afternoon. This matter is on for a conference.

Ms. Weingarten, has Mr. Rivera been arraigned on the indictment?

MS. WEINGARTEN: No, your Honor.

THE COURT: Mr. Spilke, have you received a copy of the indictment?

MR. SPILKE: Yes, your Honor.

THE COURT: Have you reviewed it with your client?

MR. SPILKE: Yes.

THE COURT: How does he plead?

MR. SPILKE: He pleads not guilty.

THE COURT: Do you wish a public reading?

MR. SPILKE: No, your Honor. We waive.

THE COURT: I take that it the Rule 5(f) order has also not been entered.

MS. WEINGARTEN: That's correct.

THE COURT: You may be seated.

Everyone can just remain seated.

Ms. Weingarten, tell me about this case.

MS. WEINGARTEN: Your Honor, the defendant Rafael Rivera was arrested on a probable cause arrest January 23 of this year. He was witnessed by police officers on duty conducting a hand-to-hand narcotics deal. The officers radioed to go arrest him and the individual to whom he was selling drugs.

The buyer unfortunately fled, but Mr. Rivera was arrested on the scene. When he was taken back to the precinct, the officers discovered in his groin area a bundle of narcotics namely, heroin, fentanyl, and other drugs.

In the defendant's vehicle at the time of the drug sale, the drug deal, the officers found two loaded firearms in his car. In addition, when the car was further searched back at the precinct, the officers also found additional narcotics in his car, all of the narcotics were packaged for sale and there was cash in the defendant's pockets consistent with having just observed a hand-to-hand drug deal.

THE COURT: What was the total amount of narcotics that were seized, if you recall.

MS. WEINGARTEN: There were 31 glassines -- let me just make sure I get this correct, your Honor. 31 glassines of suspected heroin, 12 bags of suspected cocaine, and 13 vials of

suspected crack cocaine. Then there were an additional six baggies found in the car as well.

THE COURT: Why don't you tell me about the discovery in this case. What does it consist of, and has it been turned over; and if not, when will it be turned over?

MS. WEINGARTEN: The government has not yet turned over discovery, but I just discussed with defense counsel and if it's acceptable to your Honor, we would propose a four-week period to turn over the discovery. I will list the categories now. Obviously the charging documents, the rap sheet and criminal history report, including from the defendant's prior trigger lock conviction in this district and subsequent violation of supervised release in this district; NYPD records, police body-worn camera footage, ARGUS surveillance video identifying the defendant during the hand-to-hand drug deal; lab reports and photographs of both the two loaded firearms and all of the drugs found on the defendant and in his car; DMV records of Mr. Rivera's vehicles; records from the Bureau of Alcohol, Tobacco & Firearms regarding the recovered firearms.

Then there's also extractions of three electronic devices that were seized from the defendant, and there's an eventual responsiveness review. We are still working on that process, so I don't know when the phones will be available to turn over, but as soon as I have them I will.

THE COURT: But the extractions have been completed?

MS. WEINGARTEN: We are still extracting them.
THE COURT: Very well.
Mr. Spilke can expect to receive the discovery I guess on a rolling basis over the next four weeks?
MS. WEINGARTEN: Yes, your Honor.
THE COURT: Mr. Spilke, how did you wish to proceed?
MR. SPILKE: Your Honor, we talked about coming back, having 30 days to review the discovery. I wasn't aware of the extractions when I made that agreement, so I'm going to ask for 60 days to review discovery and come back. I guess that would put us at 90 days from today, rather than write the Court and say we are still looking at the phones. The phones are voluminous.
THE COURT: Okay.
MR. SPILKE: There are three of them.
MS. WEINGARTEN: Your Honor, I just can't guarantee that the phones will be extracted in that time, but I'm happy to accommodate that request.
THE COURT: Okay.
Ms. Trotman.
THE DEPUTY CLERK: July 10 at 10:30 a.m.
THE COURT: Does that work for you, Mr. Spilke?
MR. SPILKE: I am available, your Honor.
THE COURT: Ms. Weingarten?
MS. WEINGARTEN: Yes, your Honor. I will have to have

a colleague cover for me, but I will make that happen.

THE COURT: Very well. Is there anything else that we should do today from your perspective, Ms. Weingarten?

MS. WEINGARTEN: Only that the government will make a motion to exclude time, if I should do that now.

THE COURT: Defense?

MR. SPILKE: No objection.

THE COURT: Very well.

I will exclude the time between now and July 10 under the Speedy Trial Act. I find that Mr. Rivera's right in excluding that time outweighs the interest of the public in a speedy trial so that Mr. Spilke can review the discovery to be provided to him and determine the appropriate course for taking his defense of Mr. Rivera.

Let me also just provide the Rule 5(f) oral order.

I direct the prosecution to comply with its obligation under *Brady v. Maryland* and its progeny to disclose to the defense all information, whether admissible or not, that is favorable to the defendant, material either to guilt or to punishment, and known to the prosecution.

Possible consequences for noncompliance may include dismissal of individual charges or the entire case, exclusion of evidence, and professional discipline or court sanctions on the attorneys responsible. I will be entering a written order more fully describing this obligation and the possible

consequences of failing to meet it.

I direct the prosecution to review and comply with that order.

Ms. Weingarten, do you confirm that you understand your obligations and will fulfill them?

MS. WEINGARTEN: I do and I will.

THE COURT: Let me also ask, the prior trigger lock conviction, was that for a felon-in-possession charge, and was it in this district?

MS. WEINGARTEN: It was in this district, felon in possession before Judge Daniels.

THE COURT: Very well.

Anything else from you, Mr. Spilke?

MR. SPILKE: No, your Honor.

THE COURT: Okay. We are adjourned.

(Adjourned)